Hyde, Receiver, agt. Conrad, Administrator.

———————

## SUPREME COURT.

### Hyde, Receiver, agt. Conrad, Administrator.

A *general* allegation in a demurrer to an answer, which sets up no bar or defence to the action, *that the facts stated therein do not constitute a defence,* is sufficient.

*Broome County Special Term, Oct.* 1850. This case came before the court on a demurrer to the answer; the grounds of which sufficiently appear in the opinion of the court.

H. R. Mygatt, *for Plaintiff.*

J. Marsh, *for Defendant.*

Mason, Justice.—The answer in this case does not set up any defence or bar to this action. Under the provisions of our Revised Statutes relative to the duties of executors and administrators, a plea of *plene administravit* is not a good plea (Allen and wife vs. Bishop's executor's, 25 *W. R.* 416; Parker's executors vs. Gainer's administrators, 17 *W. R.* 559, 561). It follows, therefore, that the plaintiff is entitled to judgment upon this demurrer unless the demurrer be deemed insufficient for not dis-

Hyde, Receiver, agt. Conrad, Administrator.

tinctly specifying the grounds of objection to the answer. This question has arisen in several cases on demurrer to the complaint. In the case of Glenny agt. Hitchins and Horton (4 *How. Pr. R.* 98), Justice Sill decided that a general assignment that facts sufficient to constitute a cause of action are not stated in the complaint, and that the complaint may be true and yet the plaintiff not entitled to recover, was not good. This case, however, has not been followed. In the case of Durkee and others vs. The Saratoga and Washington R. R. Co. (4 *How. Pr. R.* 226), Justice Willard has distinctly overruled that case as well upon the authority of the case of De Witt vs. Swift & Waldon (3 *How. Pr. R.* 280), decided by Justice Gridley as for the reasons assigned by him in his opinion in that case. If I were to decide this case, therefore, upon authority, I should hold this demurrer good. The allegation in the demurrer is, that the plaintiff demurs to the answer of the defendant for insufficiency, on the grounds that the facts therein stated are not sufficient to sustain the defence or to constitute a valid defence to the complaint; also that the answer is altogether inappropriate and useless; and also that it is not a bar to the plaintiff's action. If this were a demurrer to the complaint, I should regard it as sufficient, as I am of opinion that the view taken of the statute by Justices Gridley and Willard in the cases above cited is correct. The case is still stronger when applied to the case of a demurrer to the answer. The 133d section of the Code, which gives the right to demur to the answer, is as follows: "The plaintiff may demur to the same for insufficiency, *stating in his demurrer the grounds thereof.*" While the 145th section, which prescribes what the demurrer to the complaint shall contain, reads as follows: "The demurrer shall *distinctly specify* the grounds of objection to the complaint," and then enacts that unless it do so, "it may be disregarded." It will be seen therefore, that while the statute prescribing the demurrer to the complaint says, "*it shall distinctly specify the grounds of objection to the complaint,*" that the statute allowing the demurrer to the answer says, that the "*plaintiff may demur to the same for insufficiency, stating in his demurrer the grounds*

*thereof*," and that is all the statute requires. It seems to me, therefore, that the general allegation in the demurrer to the answer, that the facts stated therein do not constitute a defence, is sufficient. The plaintiff must have judgment upon this demurrer, but his judgment must be entered for future assets.